# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

ELIZABETH SEGURA,

        Plaintiff,

v.

MARIA RADU and CONTRACT
FREIGHTERS, INC.,

        Defendants.

CASE NO. 0:21-cv-60945-RAR

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendants, CONTRACT FREIGHTERS, INC. ("CFI") and MARIA RADU ("Ms. Radu") (collectively, hereinafter referred to as the "Defendants"), by and through their undersigned counsel, and pursuant to S.D. Fla. L.R. 7.1(c), herby file this Response in Opposition to Plaintiff's Motion to Remand [D.E. 12], and in support thereof, state as follows:

### I. INTRODUCTION

Following the expiration of the initial 120 days to perfect service on Ms. Radu, Plaintiff obtained two lengthy extensions to effectuate service on Ms. Radu, but was unable to do so. Subsequently, Plaintiff was permitted to file an amended complaint for the sole purpose of alleging substituted service on Ms. Radu, which included yet another enlargement to perfect service, and was thereafter also granted a further and separate extension to file the statutory required return of service and/or receipt and affidavit of compliance pursuant to Fla. Stat. § 48.161. On April 13, 2021, Plaintiff filed a notice evincing the Florida Secretary of State ("Secretary") had accepted substituted service on behalf of Ms. Radu as of April 2, 2021. On April 22, 2021, Ms. Radu filed a limited notice of appearance relative to filing a motion to quash substitute service of process and

to dismiss accordingly or, alternatively, motion for extension of time to respond to Plaintiff's amended complaint. Using the Secretary's acceptance of service on behalf of Ms. Radu (April 2, 2021), a notice of removal was filed on May 3, 2021; notably, at that point, Plaintiff had not filed any return receipt cards and/or affidavits of service.

Plaintiff's motion to remand puts form over substance by arguing that because the notice of removal was initiated by CFI and consented to by Ms. Radu, it was untimely/improper. However, when the notice of removal was filed, Ms. Radu had only entered a limited notice of appearance in the state court action for the purpose of filing the aforementioned motion to quash substitute service of process and to dismiss accordingly. Hence, in order to preserve and to avoid waiving Ms. Radu's arguments against personal jurisdiction, the only party who had at that point in time appeared in the state court action – CFI, filed the notice of removal. Nonetheless, the notice of removal made it abundantly clear that undersigned counsel represented both Defendants, and that both Defendants consented to and sought removal pursuant to the last-defendant served and the unanimity rules *based upon Plaintiff's numerous aforementioned delays*. Therefore, this Court should reject Plaintiff's hyper-technical argument and deny the motion to remand.

Assuming, *arguendo*, Plaintiff's hyper-technical argument is accepted, it should be without prejudice because Plaintiff's recently filed return receipt cards and/or affidavits of service (dated June 2, 2021) evinced that Ms. Radu was not served pursuant to Fla. Stat. § 48.161, and consequently the removal clock has not begun; thus, Ms. Radu should be permitted to file the notice of removal with CFI consenting thereto.

## II.   BACKGROUND AND PROCEDURAL HISTORY

1.   On August 6, 2020, CFI was served with the Complaint and Summons, which Plaintiff averred involved a motor vehicle accident and purported personal injuries:

count I – negligence against Ms. Radu; and, count II – negligence/vicarious negligence against CFI.  **[D.E. 12 at Ex. 2]**

2. On the face of Plaintiff's Complaint, Plaintiff alleged different citizenship for the parties,[1] but did not aver allegations that damages were in excess of $75,000.00.  **[D.E. 12 at Ex. 2]**

3. On August 26, 2020, CFI filed its Answer and Affirmative Defenses, which, in pertinent part, alleged that CFI's principal place of business was in Joplin, Missouri.  **[D.E. 12 at Ex. 14]**

4. On August 26, 2020, CFI also propounded numerous discovery requests on Plaintiff [D.E. 15-19] and, on October 14, 2020, Plaintiff served her Verified Answers to CFI's First Set of Interrogatories, which, in pertinent part, set forth as follows:

> 11. List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as result of the incident described in the Complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred.
>
> **ANSWER: I cannot possible recall the date incurred and amount of every expense that I have incurred as a result of this accident.  Contemporaneously with the filing of these Answers, I have produced copies of all medical bills in my possession.  However, the best of my knowledge, following are medical expenses that I have incurred:**
>
> | | |
> |---|---|
> | **Consultative & Interventional Cardiology** | $   335.00 |
> | **Delray Beach Surgery Center** | $85,165.00 |
> | **First Rehab.** | $ 3,482.92 |
> | **Greater Fla. Anesthesiologists** | $ 5,474.00 |
> | **Imaging Center of Lake Worth** | $ 3,900.00 |
> | **Mote Wellness & Rehab.** | $   500.00 |
> | **Neuro IOM Services** | $ 4,107.00 |
> | **Spine Institute of South Fla.** | $52,001.13 |

---

[1] Plaintiff's Complaint alleged that: Plaintiff was a resident of Palm Beach County, Florida; Ms. Radu was a resident of Suffolk County, New York; and, CFI was a foreign profit corporation.

CASE NO. 0:21-cv-60945-RAR

|  |  |
|---|---|
| **Total MD** | **$ 1,082.12** |
| **Treasure Coast Urgent and Family Care** | **$ 1,035.00** |

**[D.E. 12 at Ex. 27]**.

5. On November 14, 2020, the state court entered an agreed order, which provided Plaintiff with an additional 60 days from December 3, 2020, to effect service on Ms. Radu. **[D.E. 12 at Ex. 32]**

6. On February 3, 2021, the state court entered an order, which provided Plaintiff with an additional 52 days from February 1, 2021, to effect service on Ms. Radu. **[D.E. 12 at Ex. 35]**

7. On March 23, 2021, the state court entered an Order *granting* Plaintiff's Motion to File an Amended Complaint for Substituted Service upon Ms. Radu Through the Secretary of State and for an Enlargement of Time, which, in pertinent part, provided Plaintiff with "sixty (60) days from March 22, 2020 [sic – 2021] to effectuate service upon [Ms. Radu,] through the Secretary of State"—*i.e.* on or before May 21, 2021. **[D.E. 12 at Ex. 40]**

8. On March 23, 2021, Plaintiff filed her Amended Complaint, which, on its face once again alleged different citizenship for the parties,[2] but did not aver allegations that damages were in excess of $75,000.00. **[D.E. 12 at Ex. 43]**

9. On April 12, 2021, CFI filed its Answer and Affirmative Defenses, which, in pertinent part, alleged that CFI's principal place of business was in Joplin, Missouri. **[D.E. 12 at Ex. 46]**

10. On April 13, 2021, Plaintiff filed a notice of filing from the Florida Secretary of State (dated April 6, 2021), which indicated that "a copy of the process and initial pleading, case

---

[2] Plaintiff's Amended Complaint alleged as follows: Plaintiff was a resident of Palm Beach County, Florida; Ms. Radu was a resident of Suffolk County, New York; and, CFI was a foreign profit corporation. *See* **Exhibit C** at ¶¶ 3-5.

number CACE 20 012692, was accepted for [Ms. Radu,] and was filed on April 2, 2021, at 4:00 PM." **[D.E. 12 at Ex. 47]**

11.     On April 15, 2021, this Court entered an Order *granting* Plaintiff's Motion for Enlargement of Time to File the Return of Service and/or Receipt and Affidavit of Compliance, pursuant to Fla. Stat. § 48.161, which, in pertinent part, provided that "Plaintiff shall have an additional thirty (30) days from May 21, 2021, making the new deadline to file the Return of Service and/or Receipt and Affidavit of Compliance on or before June 20, 2021." **[D.E. 12 at Ex. 49]**

12.     On April 22, 2021, the undersigned filed a Limited Notice of Appearance on behalf of Ms. Radu **[D.E. 12 at D.E. 51]** and also a Motion to Quash Service and Dismiss Accordingly Or, Alternatively, Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint Until Twenty (20) Days After Plaintiff Files the Return of Service and/or Receipt and Affidavit of Compliance. **[D.E. 12 at Ex. 52]**

13.     On June 2, 2021, Plaintiff filed a Notice of Filing Return Receipt Cards indicating *non-service on Ms. Radu* and Affidavits of Service indicating *non-service on Ms. Radu*. [D.E. 14]

### III.     ARGUMENT

**A.     Plaintiff's Motion to Remand Should Be Denied**

Under 28 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1332(a) (defines the diversity of citizenship and amount in controversy requirements).

Procedurally, 28 U.S.C. § 1446(b)(1) provides that: "The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt **by the defendant**, through service

or otherwise, a copy of the initial pleading . . ." (emphasis added). 28 U.S.C. § 1446(b)(2) continues that:

> (A) **[A]ll defendants who have been properly joined and served** must join in or consent to the removal of the action.
> (B) Each defendant shall have 30 days after receipt by or service on that defendant after the initial pleading . . . to file the notice of removal.
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier served defendant did not previously initiate or consent to removal.

(emphasis added).

Consistent with the foregoing, *Bailey v. Janssen Pharm., Inc.*, 536 F. 3d 1202 (11th Cir. 2008), held that the "last-served defendant rule" applies in multi-defendant litigation pursuant to which **each defendant** is permitted to file a timely motion for removal within thirty days of receipt of service by that individual defendant and, under that rule, **earlier-served defendants who may have "waived" their right to independently seek removal by failing to timely file a notice of removal may nevertheless consent to a timely motion by a later-served defendant, and thus the limitations period for removal of the case expires upon thirty days from service on the last-served defendant**. *Id*. at 1205-1209 (emphasis added). Moreover, the unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective. *See Bailey*, 536 F. 3d at 1207; *Russell Corp. v. Am. Home Assur. Co.*, 264 F. 3d 1040, 1050 (11th Cir. 2001) (same).[3]

---

[3] Although irrelevant herein, abrogation recently recognized by *Overlook Gardens Properties, LLC v. ORIX USA, L.P.*, 927 F. 3d 1194 (11th Cir. 2019) ("Therefore, to the extent *Russell* held otherwise, . . . We now hold that, under [*Ca. v. NRG Energy, Inc. ("Powerex")*, 391 F. 3d 1011, 1022 (9th Cir. 2004)], [28 U.S.C.] § 1447(d) strips us of jurisdiction to review remand order that a district court colorably characterizes as based on a lack of subject matter jurisdiction or a defect in the removal process—even if that characterization is driven by a decision to enforce a forum selection clause on a single defendant in a mutli-defendant suit.").

Plaintiff's motion to remand contended that Defendants' notice of removal was untimely because CFI moved for removal and Ms. Radu consented thereto. However, as the notice of removal explained and the above authorities confirm, *BOTH* Defendants consented to and sought removal pursuant to the last-defendant served and the unanimity rules *based upon Plaintiff's numerous aforementioned delays*, but because, at that time, Ms. Radu had only filed a limited notice of appearance in the state court action for the purpose of filing a quash substitute service of process and to dismiss accordingly or, alternatively, motion for extension of time to respond to Plaintiff's amended complaint, the removal motion was filed by CFI. This was done to preserve and avoiding waiving Ms. Radu's personal jurisdiction arguments.

**B.     Assuming, *Arguendo*, Plaintiff's Motion to Remand Is Granted, It Should Be Without Prejudice**

Assuming, *arguendo*, Plaintiff's hyper-technical argument is accepted, Defendants contend that the notice of removal should be granted *without prejudice* because of the decision reached in *Meadows Springlake Condo. Ass'n, Inc. v. Allstate Ins. Co.*, 2006 WL 2864313, at *3 (M.D. Fla. Oct. 5, 2006), which held that when "service if effectuate on a statutory agent [which was the case here – **[D.E. 12 at Ex. 47]**], rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start until the defendant actually has received a copy of the complaint. *Id*. at *3 (*citing Hibernia Cmty. Dev. Copr. v. U.S.E. Cmty. Servs. Group*, 166 F. Supp. 2d 511, 512 (D. La. 2001)); *Wilbert v. Unum Life Ins. Co.*, 981 F. Supp. 61, 63 (D. R.I. 1997) ("When a statutory agent is served, the clock for removal does not begin ticking as it would if defendant itself had been served but rather starts when defendant receives actual notice of the service from the statutory agent.").

In *Meadows*, plaintiff served a copy of the summons and complaint on the Chief Financial Officer of the State of Florida ("CFO-FL"), as the statutory agent for service of process for all insurers on June 7, 2006. *Id*. at *2-3. The CFO-FL mailed a copy of the process to Allstate Insurance Company's ("Allstate") registered agent on June 9, 2006. *Id*. On June 13, 2012, the registered agent received process. *Id*. Allstate removed the action to the M.D. Fla. on July 10, 2006. Plaintiff moved to remand, claiming that removal was untimely. There, as here, the Court was asked to resolve when Allstate's thirty (30) day deadline to effectuate removal began to run and, as prefaced above, determined that "[w]hen service is effected on a statutory agent, rather than on an agent appointed by the defendant, ***the time to remove the action to federal court does not start until the defendant actually has received a copy of the complaint***."

Because Plaintiff's recently filed notice of filing return receipt cards and affidavits of service evinced *non-service on Ms. Radu* (dated June 2, 2021 – [D.E. 14]), and the Secretary has not filed any evidence that she otherwise served Ms. Radu, the removal clock has not begun. Accordingly, should the Court accept Plaintiff's hyper-technical argument, the notice of removal should be granted without prejudice, but the foregoing supports allowing Ms. Radu to file the notice of removal with CFI's consenting thereto.

C.  **Assuming, *Arguendo*, Plaintiff's Motion to Remand Is Granted, She Should Not Be Awarded Any Payment of Just Costs and Actual Expenses, Including Attorneys' Fees**

Given the foregoing arguments and authorities, coupled with Plaintiff's numerous extensions to perfect service as well as the enlargement relative to filing service return receipts and/or affidavits of compliance beyond the statutory required deadline under Fla. Stat. § 48.161, Defendants possessed an objectively reasonable basis for seeking removal and, as a result, Plaintiff should not awarded any payment of just costs and actual expenses, including any attorneys' fees, even if Plaintiff's motion to remand is granted. *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

141 (2005) ("According to the U.S. Supreme Court, 'the standard for awarding fees should turn on the reasonableness of the removal.' "); *Maya v. Omnicare*, Inc., 2010 WL 2889569, at *2 (S.D. Fla. Jul. 22, 2010) (although the court granted plaintiff's motion to remand due to the amount in controversy not exceeding $75,000.00, "just because Plaintiff was successful in one business venture does not mean he will be successful in another. . . . Defendant fails to carry their burden . . ." nonetheless, "Defendant's exercised an objectively reasonable basis for seeking removal and, as a result, attorney's fees and associated costs are not warranted.").

Dated: this 7th day of June, 2021.

Respectfully submitted,

/s/ Andrew G. Tuttle
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com

Bruno Renda
Fla. Bar No. 91971
Email: rendab@fowler-white.com

Andrew G. Tuttle
Fla. Bar No. 118467
Email: atuttle@fowler-white.com

**FOWLER WHITE BURNETT, P.A.**
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 7th 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day Matthew Naparstek, Esq., FELICE, EHRLICH & NAPARSTEK: Matt@injurytrialattorneys.com, Debra@injurytrialattorneys.com and

CASE NO. 0:21-cv-60945-RAR

Sabrina@injurytrialattorneys.com; and, Grace Mackey Streicher, Esq., HARRIS APPEALS, P.A.:

grace@harrisappeals.com and eservice@harrisappeals.com.

s/ Andrew G. Tuttle<br>
Andrew G. Tuttle