# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 21-CIV-60945-RAR

**ELIZABETH SEGURA**,

    Plaintiff,

v.

**CONTRACT FREIGHTERS, INC.**, *et al.*,

    Defendants.

_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Remand [ECF No. 12] ("Motion"), filed on May 24, 2021. Having reviewed the Motion, Defendants' Response [ECF No. 18], Plaintiff's Reply [ECF No. 20], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as set forth herein.

## BACKGROUND

On August 5, 2020, Plaintiff Elizabeth Segura filed this two-count negligence action against Defendants Contract Freighters, Inc. ("CFI") and Maria Radu ("Radu") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* Notice of Removal [ECF No. 1] at 1; Mot. at 1. Plaintiff's original complaint alleged that Plaintiff is a Florida resident, Radu is a New York resident, and CFI is a foreign corporation, thus establishing diversity. *See* Notice of Removal at 2, n. 2. However, it did not contain allegations indicating that the amount in controversy exceeded $75,000. *See* Notice of Removal at 2.

CFI was served with the Complaint and Summons on August 6, 2020. *Id.* at 1. On October 14, 2020, Plaintiff served CFI with an interrogatory response that indicated her damages exceeded $75,000.00. *Id.* at 2. Plaintiff then filed an Amended Complaint on March 23, 2021, which alleged bases for substituted service on Radu. *Id.* at 3. On April 13, 2021, Plaintiff filed a notice of filing

from the Florida Secretary of State (dated April 6, 2021), which indicated that "a copy of the process and initial pleading, case number CACE 20 012692, was accepted for [Ms. Radu,] and was filed on April 2, 2021, at 4:00 PM." *Id.* at 3. CFI then removed the case to this Court on May 3, 2021.

Plaintiff filed the instant Motion to Remand on May 24, 2021, arguing that CFI's removal of the case was untimely. Specifically, Plaintiff notes that under 28 U.S.C. section 1446(b), each defendant has 30 days from when *that defendant* was served in which to remove the case. Thus, if CFI felt that the initial complaint did not state a removable case, it had 30 days after receipt of the first paper showing removability—here, the October 14, 2020 interrogatory response—to remove the case. *See* Mot. at 3. Plaintiff contends that under the "last-served defendant rule" set forth in section 1446(b)(2)(B)-(C), CFI could have consented to a timely notice of removal filed by Radu within her own 30-day window, but removal by CFI outside its own 30-day window is untimely. *Id.* at 3-4.

Defendants insist that Plaintiff's Motion elevates "form over substance" because although the Notice of Removal was initiated by CFI, it was consented to by Radu. Resp. at 2. In response to Plaintiff's argument that Radu should have been the one to file a Notice of Removal, Defendants argue that Radu had only entered a limited notice of appearance in the state court action for the purpose of filing a motion to quash substitute service of process, and that CFI filed the Notice of Removal to avoid waiving Radu's personal jurisdiction arguments. *Id.* CFI also points out that their delay in removal was due to Plaintiff's numerous delays in serving Radu and the unanimity rule in section 1446(b)(2)(A) requiring all defendants to consent to removal. *Id.*

## ANALYSIS

A state court action may be removed to federal court when the federal courts have diversity or federal question jurisdiction. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citing 28 U.S.C. § 1441(a)). The defendant must file a notice of removal within

30 days following receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). Under the "last-served" defendant rule, codified under section 1446(b)(2)(B)-(C), each defendant may "file a timely motion for removal within [30] days of receipt of service by that individual defendant." *Bailey v. Janssen Pharmaceutica Inc.,* 536 F.3d 1202, 1204 (11th Cir. 2008). In other words, "earlier-served defendants who may have waived their right to independently seek removal . . . may nevertheless consent to a timely motion by a later-served defendant." *Id.* Section 1446(b) provides that if the case stated in the initial pleading is not removable, Defendant may file a notice of removal within 30 days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."

Here, CFI's window for removing this case to federal court expired on November 13, 2020—thirty days after CFI was served with interrogatory responses on October 14, 2020 indicating that the amount in controversy exceeded $75,000.00. *See Flores v. Se. Mech. Contractors, LLC*, No. 10-61391, 2010 WL 11597926, at *3 (S.D. Fla. Sept. 30, 2010) ("Plaintiff's responses to interrogatories, which describe the pre-removal basis of Plaintiff's contentions in his complaint, is an 'other paper' upon which removal (or the beginning of the time limit) can be based."). Defendants' argument that the unanimity rule justifies its delay in removing the case is misplaced. At the time CFI learned that the amount in controversy exceeded $75,000, and throughout the thirty-day window that followed, Radu had not yet been served. Section 1446(b)(2)(A) requires that "all defendants *who have been properly joined and served* must join in or consent to removal." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). The statute does not support Defendants' position that CFI was justified in waiting for Radu to be served to remove the case. CFI's removal was thus untimely and a remand of this action to state court is warranted. *See Countrywide Home Loans v. Warshaw*, No. 17-80467, 2017 WL 7733545, at *1 (S.D. Fla. June 15, 2017) ("Remand is appropriate where removal is untimely.").

Plaintiff also seeks, pursuant to 28 U.S.C. section 1447(c), reasonable attorneys' fees and costs for improper removal to this Court. After entering an order of remand, courts may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). However, an award of fees under section 1447(c) does not require a showing that the defendant's position was "frivolous, unreasonable, or without foundation." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011).

The "'appropriate test for awarding fees under § 1447(c)' is to balance deterring 'removals sought for the purpose of prolonging litigation and imposing costs on the other party,' and safeguarding defendants' statutory right 'to remove as a general matter, when the statutory criteria are satisfied.'" *Bujanowski v. Kocontes,* 359 F. App'x 112, 113–14 (11th Cir. 2009) (quoting *id*. at 140). "Whether a court awards attorneys' fees when remanding a case is a matter of that court's discretion." *Simmonds v. Bu Vision, LLC*, No. 18-03534, 2018 WL 8619745, at *4 (N.D. Ga. Nov. 27, 2018).

Here, the Court agrees with Plaintiff that Defendant CFI lacked an objectively reasonable basis for seeking removal nearly six months after the expiration of its 30-day window for doing so. *See McEvoy v. Praetorian Ins. Co.*, No. 19-22975-CV, 2019 WL 7643421, at *2 (S.D. Fla. Aug. 26, 2019) ("Defendants' removal was untimely, and thus an award of fees and costs are warranted."); *Taylor*, 436 F. App'x at 893 ("We also find persuasive Plaintiffs' argument that Defendants lacked an objectively reasonable basis for remand because their Notice of Removal was not timely."). There is no support in the removal statute for Defendants' position that removal by CFI well outside its 30-day removal window was warranted based on when the 30-day clock

began for the second defendant in the case. Thus, the Court finds that Plaintiff may recover the actual amount of attorney's fees and costs incurred as a result of improper removal of this action.

"'Although there is authority for the Court's retention of the case to determine the reasonableness of the costs and expenses requested by' Plaintiff, 'the Court finds that litigating this case on dual tracks—the substantive issues in the [state] Court, and the ancillary costs and expenses issue in this Court—would be inefficient and would further delay the processing of the case.'" *McEvoy*, 2019 WL 7643421 at *3 (quoting *Hodach v. Caremark RX, Inc.*, 374 F. Supp. 2d 1222, 1226 (N.D. Ga. June 28, 2015)). Accordingly, the determination of the reasonableness of the costs and fees to be awarded to Plaintiff is reserved for the Circuit Court, upon the filing of a proper motion therein.

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 12] is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and Plaintiff is entitled to an award of his reasonable attorney's fees and costs incurred in connection with preparing the Motion for Remand and all proceedings related to Plaintiff's request for remand pursuant to 28 U.S.C. section 1447(c). The Clerk of Court is directed to **CLOSE** this case. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 27th day of June, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**